IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| G. CEFALU & BRO., INC. | : | |
| 8005 Rappahannock Avenue | : | |
| Jessup, MD 20794 | : | |
| (410) 799-3414 | : | |
| Howard County | : | |
| | : | |
|      Plaintiff | : | |
| | : | |
|     v. | : | Case No. _____ |
| | : | |
| STAR ENTERPRISES, INC. t/a | : | |
| METRO SPECIALTY FOOD SERVICE | : | |
| 10700 Hanna Street | : | |
| Beltsville, MD 20705 | : | |
| (301) 595-3987 | : | |
| Prince George's County | : | |
| | : | |
| R/A Joong K. Kang | : | |
| 7165 Winter Rose Path | : | |
| Columbia, MD 21045 | : | |
| | : | |
| and | : | |
| | : | |
| SANG YOUNG HWANG | : | |
| 6820 Cedar Loch Court | : | |
| Centreville, VA 20121 | : | |
| | : | |
|      Defendants | : | |

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff G. Cefalu & Bro., Inc. ("Plaintiff" or "Cefalu") for its complaint against Defendants Star Enterprises, Inc. t/a Metro Specialty Food Service ("Metro Specialty") and Sang Young Hwang ("Hwang") alleges:

- 1 -

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

2. Venue in this District is based on 28 U.S.C. § 1391 in that (a) a substantial part of Plaintiff's claim arose in this District and (b) Metro Specialty has its principal place of business in this District.

## PARTIES

3. Plaintiff Cefalu, a Maryland corporation with its principal place of business in Jessup, Maryland, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA, 7 U.S.C. § 499a *et seq*.

4. a. Defendant Metro Specialty is a Virginia corporation registered to do business in Maryland with its principal place of business in Beltsville, Maryland, and is and was at all times pertinent herein, a purchaser of wholesale quantities of Produce subject to and licensed under the provisions of the PACA as a dealer.

   b. Defendant Hwang is and was the President and Director of Metro Specialty who controlled the day-to-day operations of Metro Specialty and who was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6.     Between May 1, 2012 and August 13, 2013 Plaintiff sold and delivered goods having a value of $135,544.79, including Produce items with a value of $132,158.15, all of which remains unpaid. A statement of account is attached hereto as Exhibit 1.

7.     Defendants accepted the Produce from Plaintiff.

8.     At the time of receipt of the Produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9.     Plaintiff preserved its interest in the PACA trust in the aggregate amount of $132,158.15 by sending invoices to Defendants that contained the language required by 7 U.S.C. § 499e(c)(4) and remains a beneficiary until full payment is made for the Produce. Plaintiff's unpaid invoices are voluminous; representative sample copies of Plaintiff's invoices are attached hereto as Exhibit 2.

10.    Defendant Hwang personally guaranteed payment of the amount due to Plaintiff.

11.    Defendants have failed and refused to make payment to Plaintiff in accordance with the trust provisions of PACA.

12.    Defendants' failure, refusal, and apparent inability to pay Plaintiff the undisputed amount owed to Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff for the Produce and are dissipating trust assets.

### Count 1

(Failure to Pay Trust Funds)

13.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14.     The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $132,158.15 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $132,158.15 to Plaintiff plus interest, costs, and attorneys' fees.

### Count 2

(Failure to Pay Promptly)

15.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16.     Defendants received and accepted each of the shipments of Produce described in paragraph 6 above.

17.     The PACA requires Defendants to tender full payment promptly to its unpaid suppliers of Produce.

18.     Defendants failed to pay for the Produce supplied by Plaintiff within the payment terms.

19.     As a result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $132,158.15, plus interest from the date each invoice became past due, costs and attorneys' fees.

WHEREFORE, Plaintiff requests an order enforcing the PACA's prompt payment requirement by requiring immediate payment of $132,158.15, plus interest, costs and attorneys' fees.

## Count 3

(Failure to Pay For Goods Sold)

20. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. Defendants failed and refused to pay Plaintiff the amount of $135,544.79 owed to Plaintiff for goods received and accepted by Defendants from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the amount of $135,544.79 against Defendants, jointly and severally, plus interest and attorneys' fees.

## Count 4

(Unlawful Dissipation of Trust Assets by
a Principal – Sang Young Hwang)

22. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23. Defendant Hwang is and was the President and Director of Metro Specialty during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

24. Defendant Hwang failed to direct Metro Specialty to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

25. Defendant Hwang's failure to direct Metro Specialty to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a corporate principal.

26. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the Produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Hwang in the amount of $132,158.15, plus interest and attorneys' fees.

## Count 5

(Breach of Contract – Personal Guaranty – Sang Young Hwang)

27. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28. Defendant Hwang personally guaranteed all obligations incurred by Metro Specialty to Plaintiff, including all obligations arising from Plaintiff's unpaid sales at issue.

29. Defendant Hwang's continuing failure and refusal to pay Plaintiff the full balance of the $135,544.79 due and owing to Plaintiff for the goods accepted by Metro Specialty constitutes a material breach of the guaranty.

30. As a direct and proximate result of Defendant Hwang's continuing material breach of the guaranty, Plaintiff has suffered, and is continuing to suffer, damages.

WHEREFORE, Plaintiff demands judgment against Defendant Hwang for damages in the principal amount of $135,544.79, plus interest, costs, and attorneys' fees, and any other relief deemed just and proper.

## Count 6

(Interest and Attorneys' Fees)

31. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. PACA, Plaintiff's invoices, and the personal guaranty executed by Defendant Hwang entitle Plaintiff to recover prejudgment interest at a rate of 18% per annum and attorney's fees incurred to

collect any balance due from Defendants.

33. As a result of Defendants' failure to make full payment promptly for the Produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

34. As a result of Defendants' continued failure to make payment for the Produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoices.

WHEREFORE, Plaintiff requests judgment against each of the Defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees.

Respectfully submitted this 7th day of November, 2013.

                          McCARRON & DIESS

                          By: /s/ Kate Ellis
                             Kate Ellis, Bar No. 16373
                             Blake A. Surbey, Bar No. 29870
                             4530 Wisconsin Ave., NW, Suite 301
                             Washington, D.C. 20016
                             (202) 364-0400
                             (202) 364-2731 – facsimile
                             kellis@mccarronlaw.com
                             bsurbey@mccarronlaw.com

                             Attorneys for Plaintiff